# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**RAYMOND PANNELL, (# 13938)**                                       **PETITIONER**

**v.**                    **No. 1:09CV159-M-D**

**PRENTISS COUNTY, ET AL.**                                       **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Raymond Pannell for a writ of *habeas corpus* under 28 U.S.C. § 2241. The state has moved to dismiss the petition for failure to state a claim upon which relief could be granted. Pannell has responded, and the matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed for failure to state a claim upon which relief could be granted.

### Facts and Procedural Posture

The petitioner, Raymond Pannell, is in the custody of the Prentiss County Jail in Booneville, Mississippi, as a pre-trial detainee. On October 6, 2006, Pannell was convicted of arson in Prentiss County Circuit Court. However, he appealed his conviction and sentence to the Mississippi Supreme Court. The Mississippi Court of Appeals reversed and remanded the case to the circuit court for a new trial. *Pannell v. State*, 7 So.3d 277 (Miss. App. 2008) *reh'g denied* Jan. 6, 2009, *cert denied* Apr. 23, 2009 (2006-KA-01882-COA). Pannell's new trial was scheduled for September 28, 2009, however, Pannell was given a new attorney and his case was continued (with no written order). A new trial date has not yet been set. Docket from the Prentiss County Circuit Court Clerk, Case No. CR05-187. On July 1, 2009, Pannell filed a "Motion to Dismiss [arson charge] while under duress" in the Mississippi Supreme Court, which

was dismissed on July 10, 2009, as improperly before the court.

Pannell filed the present federal petition for a writ of *habeas corpus* on June 22, 2009, and an amended petition on July 28, 2009, arguing that the state has presented insufficient evidence to convict him of arson and that he should therefore be released. In addition, he argues that, at any rate, he has served his sentence to its conclusion and should be released. Finally, he argues that the conditions of his confinement in the Prentiss County Jail violate the Eighth Amendment prohibition against cruel and unusual punishment.

### Pannell as a Pre-Trial Detainee

In his federal petition for a writ of *habeas corpus* originally filed on June 22, 2009, Pannell argues that his arson charge should be dismissed before his new trial and asks to be released from prison – and that he be paid restitution and punitive damages for false imprisonment, time served, and constitutional violations. In addition, he requests a change of venue for his trial and complains about jail conditions. Pannell has not yet been convicted and sentenced and, as such, is not yet a state inmate but a county inmate. Thus, Pannell is a "pre-trial detainee," and decision in this case is governed by 28 U.S.C. § 2241. A pre-trial detainee has a right to seek federal habeas relief. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123 (1973). However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. A petitioner is not permitted to interfere with "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. Further, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state

judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d at 1280, 1283 (5th Cir. 1976).

Generally, there are two types of relief sought by a prisoner who asserts a pretrial habeas corpus petition:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. *While the former objective is normally not attainable through federal habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). Thus, "a federal court may generally consider a habeas petition for pretrial relief from a state court *only when the accused does not seek a dismissal of the state court charges pending against him.*" *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508 (E.D. La. 1988) (emphasis added). If, as in the instant case, a petitioner is attempting to prevent the prosecution of his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown,* 530 F.2d at 1282-83; *Braden,* 410 U.S. at 489.

In his federal petition, Pannell requests that the court dismiss the state charge against him and release him from custody. Under the prevailing law, Pannell's request to have the charge dismissed "is not attainable through federal *habeas corpus.*" *Brown,* 530 F.2d at 1283. Pannell's request for *habeas corpus* relief is therefore not an available remedy based on the allegations of his petition, absent "special circumstances." *Dickerson v. State*, 816 F.2d 220, 227 (5th Cir. 1987) (citations omitted). The Sixth Amendment right to a speedy trial is not a *per se* "special circumstance." *Dickerson*, 816 F.2d at 227. A holding to the contrary "would eliminate the

careful distinction drawn by the court in *Braden* and reiterated in cases like *Brown* and *Atkins* [*v. People of State of Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981)] between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id*. In the present petition, Pannell does not discuss any "special circumstances" to warrant disruption of the state's judicial process. As such, his petition for a writ of *habeas corpus* will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

In other words, instead of seeking in this court to secure his release from pre-trial detention, *Pannell might be better served by conferring with his attorney and requesting in state court that he be tried as soon as possible.* If the state court rejects Pannell's request – and he exhausts his remedies at the state level – then he may seek relief in this court through a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.

## Remaining Claims

Pannell also claims that: (1) he has already served his ten-year sentence[1] to its conclusion; (2) he be paid restitution and punitive damages for false imprisonment, time served, and various constitutional violations. Regarding Pannell's claim that he has already served his ten-year sentence for arson, his arson conviction was overturned, and he is awaiting a new trial. He could be acquitted or convicted as a result of this trial, and, if convicted, could receive a sentence greater than ten years – or less.[2] Should he be convicted, he will receive credit for time

---

[1] In fact Pannell was sentenced to twenty years of imprisonment with ten years suspended.

[2] Under Mississippi law the maximum sentence for arson is twenty years incarceration. MISS. CODE ANN. § 97-17-1 (2006).

served on his first conviction, which was overturned. This claim will be dismissed because it is not ripe for decision. Finally, claims seeking money damages for violation of civil rights are not proper in a *habeas corpus* proceeding and must, instead, be brought via 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). As such, these claims will be dismissed for failure to state a federal *habeas corpus* claim. In sum, Pannell's petition for a writ of *habeas corpus* will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 4th day of February, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**